Vaselj KALJAJ, Petitioner,

v.

U.S. DEPARTMENT OF HOMELAND SECURITY, Alberto Gonzales, Attorney General, Respondents.

No. 05–4596–ag.

United States Court of Appeals, Second Circuit.

Nov. 22, 2006.

Namir M. Daman, Daman & Daman, P.C., Oak Park, Michigan, for Petitioner.

Nancy Torresen, Assistant United States Attorney (Paula D. Silsby, United States Attorney for the District of Maine, on the brief), Bangor, Maine, for Respondent.

PRESENT: Hon. WALKER, Chief Judge, Hon. ROBERT A. KATZMANN, Hon. REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Vaselj Kaljaj, a citizen of Serbia Montenegro, petitions for review of a Board of Immigration Appeals ("BIA") decision affirming Immigration Judge ("IJ") Jeffrey Chase's order denying Kaljaj's application for asylum and withholding of removal. *In re Vaselj Kaljaj*, No. A 95 471 509 (B.I.A. July 26, 2005), *aff'g* No. A 95 471 509 (Immig. Ct. N.Y. City Feb. 24, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA issues an opinion that adopts the IJ's decision, "we review the decision of the IJ as if it were that of the BIA." *Chun Gao v. Gonzales*, 424 F.3d 122, 124 (2d Cir.2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 (2d Cir. 2004).

Kaljaj does not meaningfully challenge any portion of the IJ's determination aside from his finding of changed country conditions in Montenegro. An IJ's finding of changed country conditions is relevant only after the IJ first applied the rebutta-

ble presumption associated with a showing of past persecution, which gives rise to a finding of future persecution. *See Jin Shui Qiu v. Ashcroft,* 329 F.3d 140, 148 (2d Cir.2003). The presumption may be "overcome only if a preponderance of the evidence establishes that a change in circumstances in the applicant's country of nationality has occurred such that the applicant's fear is no longer well-founded." *Id.* (internal citation and quotation marks omitted).

■ In this case, Kaljaj includes in his brief a single sentence challenging the IJ's application of the rebuttable presumption. Generally, issues not sufficiently argued in the briefs are deemed waived and will not be addressed on appeal. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 546 n. 7 (2d Cir.2005) (deeming an argument abandoned because the petitioner only dedicated "a single conclusory sentence to the argument"). Even if we assume, however, that Kaljaj's argument was not abandoned, we conclude that the IJ did not err in his application of the rebuttable presumption. The IJ specifically recognized that a showing of past persecution gives rise to such a presumption of future persecution, and substantial evidence supports the IJ's conclusion that conditions in the former Yugoslavia have changed sufficiently to defeat that presumption.

The IJ observed that Kaljaj is now divorced from his wife and no longer has any relationship with her family—the people whom Kaljaj claims harmed him and encouraged police to harm him, and the principal basis for his asylum claim. The IJ also observed that following Kaljaj's actual and threatened conscription into military service, the government of former Yugoslavia was under the leadership of nationalist dictator Slobodan Milosovic. The IJ noted that there has since been a change in government and a heightened division

between Serbia and Montenegro. The IJ further noted that most recent reports indicate that, although tensions still exist between Albanians and Serbs, they are no longer at the levels that existed during the Milosovic years.

The IJ reasonably cited to the most recent U.S. State Department Country Report to support his conclusions. In *Tian–Yong Chen v. INS,* we explained that, while an IJ may rely on such reports, he is "obligated to consider ... contrary or countervailing evidence with which [he] is presented, as well as the particular circumstances of the applicant's case demonstrated by testimony and other evidence." 359 F.3d 121, 130 (2d Cir.2004). In the present case, the IJ acknowledged that ethnic tensions still exist in Montenegro, but reasonably concluded that those tensions do not sustain Kaljaj's fear of future persecution. Furthermore, Kaljaj did not offer any evidence to undermine the IJ's findings.

Finally, we note that the IJ found that Kaljaj could reasonably relocate to another part of Montenegro. *See* 8 C.F.R. 208.13(b)(1)(i)(B) (directing an IJ to deny discretionary relief if "[t]he applicant could avoid future persecution by relocating to another part of the applicant's country of nationality ... and under all the circumstances, it would be reasonable to expect the applicant to do so"). Kaljaj does not challenge this finding in his brief to this court.

■ The IJ's determination that Kaljaj does not have a well-founded fear of persecution is supported by substantial evidence. Although Kaljaj argues that problems with a "translator," also described as an unauthorized practitioner of law who prepared his first asylum application, should have been taken into account, this argument is entirely irrelevant to the basis for the IJ's order.

Accordingly, the petition for review is **DENIED.** Having completed our review, any stay of removal that the court previously granted in this petition is **VACATED,** and any pending motion for a stay of removal in this petition is **DENIED** as moot. Any pending request for oral argument in this petition is likewise **DENIED** as moot.